Case 3:15-cv-02191-BEN-BGS   Document 9   Filed 01/22/16   PageID.229   Page 1 of 4

FILED
JAN 22 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL STEWART,<br><br>                    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No.: 15-cv-2191-BEN (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

     Before this Court is a Motion to Dismiss, filed by Defendant J.P. Morgan Chase Bank, N.A. (Docket No. 4.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND[1]

     Plaintiff Cheryl Stewart, proceeding *pro se*, filed a Complaint in California Superior Court. Defendant removed the action on October 1, 2015. (Docket No. 1.) Plaintiff claims she owns 25% of the title to the subject property located at 14925 Encendido Avenue in San Diego. (Notice of Removal [Docket No. 1], Ex. A ¶ 4

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiff's Complaint. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendant's motion to dismiss.

[hereinafter "Compl."].) Plaintiff contends that Defendant is unlawfully attempting to foreclose on the subject property by filing an Assignment and Notice of Default. (Compl. ¶¶ 2, 20.) Plaintiff also alleges that Defendant is an unknown entity to her, and has no right to foreclose on the property. (Compl. ¶¶ 5, 10, 19.)

On August 1, 2015, Plaintiff received a 25% ownership in the title to the subject property from Encendido Trust dtd 3.1.14. (Compl. ¶ 4, Ex. 4.) The Encendido Trust dtd 3.1.14 gained ownership of the property by grant deed from R-C Business Trust on March 1, 2014. (Compl. ¶ 4, Ex. 3.) Finally, the R-C Business Trust obtained the property by grant deed from the Goncalves Family Trust on an indecipherable date, but was recorded on October 15, 2010. (Compl. ¶ 4, Ex. 2.)

According to Plaintiff, the property was originally owned by Mr. and Mrs. Goncalves. (Compl. ¶¶ 4, 6.) The Goncalves took out a loan from Washington Mutual Bank on December 28, 2007, which was secured by a deed of trust. (Compl. ¶ 6.) Defendant assumed the assets of Washington Mutual in 2008. (Compl. ¶ 15.) An Assignment of the deed of trust to the subject property was recorded in April 2014, naming Defendant as the assignee. (Compl. Ex. 1.)

Plaintiff raises two causes of action against Defendant: (1) unfair business practices in violation of California Business & Professions Code section 17200 *et seq.*; and (2) Cancellation of Instruments pursuant to California Civil Code section 3412. On October 7, 2015, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff lacks standing and fails to state claims for relief. (Docket No. 4.) Plaintiff filed a general, brief opposition. (Docket No. 6.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of

the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court need not address whether Plaintiff's individual claims are sufficient under Federal Rule of Civil Procedure 12(b)(6), because the Court agrees that Plaintiff lacks standing.

The plaintiff bringing an action in the federal court has the burden to show that Article III standing exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Snake River Farmers' Ass'n, Inc. v. Dep't of Lab.*, 9 F.3d 792, 795 (9th Cir. 1993). Specifically, the plaintiff must show (1) an injury in fact; (2) traceable to the challenged action of the defendant; and (3) likely to be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

It is longstanding California law that:

> a deed of trust transfers for the purpose of the trust all possible claims of the trustors in the property conveyed . . . and vests in the trustee the absolute legal title to the entire estate held by the trustors at the time of the execution of the trust deed, and that the title must remain in the trustee for that purpose until the trust is either executed through a sale upon default in the payment of the debt secured by the deed of trust, or is terminated by the payment of such debt or other method provided by law.

*Bryant v. Hobart*, 44 Cal. App. 315, 317 (1st Dist. 1919) (citing *Athearn v. Ryan*, 154 Cal. 554 (1908); *MacLeod v. Moran*, 153 Cal. 97 (1908); and *Weber v. McCleverty*, 149 Cal. 316 (1906)); *see also Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 508 (4th Dist. 2013).

In order for Plaintiff to have standing to assert a claim relating to the deed of trust, Plaintiff must trace her title to the property back to a date preceding the execution of the deed of trust. According to the Complaint, that date is December 28, 2007. Plaintiff asserts that she obtained title to the property on August 1, 2015—well after the deed of

trust had been executed. Further, she only alleges her chain of title begins in October 2010. Plaintiff has not alleged any facts that would allow her to take title to the property free of Defendant's deed of trust. Accordingly, she cannot show that she suffered an injury in fact. Plaintiff therefore has no standing to bring a claim challenging the deed of trust. Defendant's Motion is therefore **GRANTED**.

Plaintiff is granted leave to file an Amended Complaint on or before February 5, 2016, which cures the deficiencies noted in this Order. The Clerk may close the case.

**IT IS SO ORDERED.**

Dated: January 22, 2016

Hon. Roger T. Benitez
United States District Judge